# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | CV-14-29-BLG-SPW-CSO |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |
| KEITH THILL, GAYLE THILL, and MONTANA DEPT. OF REVENUE, | |
| Defendants. | |

Plaintiff ("United States") filed this civil action to reduce to judgment outstanding federal tax assessments against Defendants Keith Thill and Gayle Thill (collectively "the Thills"), and to foreclose federal tax liens against certain real property that the Thills own. *Cmplt. (ECF 1) at 2.*[1] The United States is proceeding under 26 U.S.C. §§ 7401, 7402, and 7403, and additionally invokes this Court's

---

[1]"ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* Citations to page numbers refer to those assigned by the electronic filing system.

jurisdiction under 28 U.S.C. §§ 1331, 1340, and 1345.  *Id.*[2]

The following interrelated motions are now pending and listed in the order that the parties filed them:

1. The Thills' "Motion for Court Intervention and or Dismissal Directed to the United States' [sic] of America[,]" *ECF 20*;

2. The United States' summary judgment motion, *ECF 21*; and

3. The Thills' summary judgment motion, *ECF 32*.

Having considered the relevant law and the parties' submissions, the Court enters the Findings and Recommendations that follow.

## I.  The Thills' Motion for Court Intervention and/or to Dismiss

### A.  Background facts

Before summarizing the background facts, the Court notes that the Thills do not make entirely clear to the Court the precise bases they rely upon in seeking "court intervention" through their motion.  They

---

[2]The United States names the Montana Department of Revenue ("DOR") as a defendant under 26 U.S.C. § 7403(b) "because it may claim an interest in the property against which the [United States] seeks to foreclose its tax liens."  *ECF 1 at 2-3.*  On May 6, 2014, the United States and DOR filed a Stipulation setting forth their agreement respecting the priority of liens at issue on the subject property.  *Stipulation (ECF 8) at 2-3.*  They further agree that, because the DOR's interests in the outcome of this matter are protected, it no longer needs to participate in this case's proceedings.  *Id. at 3-4.*

cite no authority beyond a reference to Local Rule 7[3] (*ECF 20 at 2*), a general reference to "violation of [their] Constitutional rights[,]" (*id. at 5*), and a reference to the Montana "Homestead Act[,]" (*id. at 6*). In their motion's prayer for relief, the Thills request that the Court "either require that [the United States] accept our previous offer [of settlement], or be much, much more reasonable, in a counter offer or dismiss." *Id. at 12.* Finally, they also "request that the court[']s reply to this motion not only [be] worded as is typical of court decisions but explained so that we have a clear understanding what is being said." *Id.*

Affording the Thills' motion liberal construction, the Court will treat it as a motion to dismiss the United States' Complaint for failure

---

[3]Local Rule 7.1 of the Local Rules of Procedure for the U.S. District Court for the District of Montana, among other things, governs the filing of motions. Although the Thills reference the rule, they failed to comply with several of its provisions, including: (1) the requirement that the motion's text states that the opposing party has been contacted and states whether any party objects to the motion, L.R. 7.1(c)(1); (2) the requirement that an opposed motion be accompanied by a supporting brief filed separately from the motion, L.R. 7.1(d)(1)(A); and (3) the requirement that briefs include a certificate confirming that the supporting brief complies with the rule's word limits, L.R. 7.1(d)(2)(E). At this juncture in the proceedings, the Court deems it appropriate, in the interest of efficiency, to address the merits of the pending motions rather than delay the proceedings by requiring full compliance with these procedural rules.

to state a claim upon which relief can be granted under Rule 12(b)(6).[4] In addressing a Rule 12(b)(6) motion, the Court must accept the Complaint's factual allegations as true and must construe the pleadings in the light most favorable to the Plaintiff – here, the United States. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Thus, the following allegations from the United States' Complaint are assumed to be true for purposes of addressing the Thills' motion to dismiss.

For the years 2003 through 2009, an authorized delegate of the Secretary of the Treasury made timely federal income tax assessments against the Thills, jointly. *ECF 1 at 7.*[5] Despite notice and demand for payment of the assessments, the Thills "have neglected, refused, or failed to pay the income tax assessments against them and there remains due and owing to the [United States] on those assessments the total sum of $96,017.91 plus accrued interest, penalties and statutory

---

[4]References to rules are to the Federal Rules of Civil Procedure unless otherwise noted.

[5]In its Complaint, for all of the tax assessments discussed herein, the United States includes tables that provide the total tax liability assessed by tax form, tax period, assessment date, liability assessed, and type of liability assessed or proposed. The tables also list by category the type of liability assessed or proposed, including: tax; interest; estimated tax penalty; late filing penalty; failure to pay tax penalty; and fees and collection costs. *ECF 1 at 5-11.*

additions as provided by law, from January 31, 2014." *Id*.

For the years 1997 through 2002, an authorized delegate of the Secretary of the Treasury made timely federal income tax assessments against Keith Thill. *ECF 1 at 7-9*. Despite notice and demand for payment of the assessments, Keith Thill "has neglected, refused, or failed to pay the income tax assessments against [him] and there remains due and owing to the [United States] on those assessments the total sum of $92,979.71 plus accrued interest, penalties and statutory additions as provided by law, from January 31, 2014." *Id. at 9-10*.

For the years 1999 through 2002, an authorized delegate of the Secretary of the Treasury made timely federal income tax assessments against Gayle Thill. *ECF 1 at 10-11*. Despite notice and demand for payment of the assessments, Gayle Thill "has neglected, refused, or failed to pay the income tax assessments against her and there remains due and owing to the [United States] on those assessments the total sum of $19,691.75 plus accrued interest, penalties and statutory additions as provided by law, from January 31, 2014." *Id. at 11*.

As a result of the foregoing unpaid federal income tax assessments, statutory liens arose in favor of the United States against

all property or rights to property, whether real or personal, belonging to Keith Thill and Gayle Thill, as of the dates of the assessments. *Id. at 12* (*citing* 26 U.S.C. §§ 6321 and 6322). Also, the liens immediately attached to all after-acquired property or rights to such property. *Id.*

At issue in this action, there exists real property commonly referred to as 2318 Lyndale Lane, Billings, Montana 59102 ("real property at issue").[6] On August 4, 1986, the Thills acquired title to the real property at issue via Warranty Deed recorded with the Yellowstone County Clerk and Recorder's Office. *Id. at 3.*

Notices of Federal Tax Lien relating to the federal tax assessments described above were filed and recorded at the Yellowstone County Recorder's Office, as follows:

   1.   On April 21, 2003, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien in the Yellowstone County Recorder's Office naming Gayle Thill as the taxpayer for federal income tax liabilities (Form 1040) for the 1997, 1998,

---

[6]The United States asserts that the real property at issue is more particularly described as follows:

   Lot 10, EXCEPT the south 12 feet thereof, Block 2, of Westward Subdivision, in the City of Billings, Yellowstone County, Montana, according to the official plat on file in the office of the Clerk and Recorder of said County, under Document No. 586166.

*Id. at 3.*

and 1999 tax periods, in the total amount of $6,305.02. Serial #840320708.

2. On June 7, 2004, the IRS filed a Notice of Federal Tax Lien in the Yellowstone County Recorder's Office naming Gayle Thill as the taxpayer for federal income tax liabilities (Form 1040) for the 1997, 1998, 1999, 2000, and 2001 tax periods, in the total amount of $12,471.86. Serial # 175211604.

3. On December 9, 2004, the IRS filed a Notice of Federal Tax Lien in the Yellowstone County Recorder's Office naming Keith Thill as the taxpayer for federal income tax liabilities (Form 1040) for the 1997, 1998, and 1999 tax periods, in the total amount of $13,029.98. Serial #203503304. (Refiled September 9, 2013).

4. On February 22, 2006, the IRS filed a Notice of Federal Tax Lien in the Yellowstone County Recorder's Office naming Keith Thill as the taxpayer for federal income tax liabilities (Form 1040) for the 2000, 2001, and 2002 tax periods, in the total amount of $40,163.32. Serial #273159306.

5. On September 7, 2010, the IRS filed a Notice of Federal Tax Lien in the Yellowstone County Recorder's Office naming Keith Thill as the taxpayer for federal income tax liabilities (Form 1040) for the 2003, 2004, 2005, and 2006 tax periods, in the total amount of $59,222.06. Serial #694032610.

*Id.* at 3-4, 12.

On May 29, 2007, the Montana Thirteenth Judicial District Court, Yellowstone County, issued a Warrant of Distraint as to Keith Thill's liabilities to the Montana Department of Revenue for the years 1997 through 2000. *Id.* at 4.

On June 13, 2011, the Montana Thirteenth Judicial District Court, Yellowstone County, issued a Warrant of Distraint as to Keith Thill's liabilities to the Montana Department of Revenue for the years 2003 through 2006. *Id.*

Between July 5, 2012, and December 12, 2013, the IRS recorded additional Notices of Federal Tax Lien in the Yellowstone County Recorder's Office for various liabilities of the Thills. *Id. at 4-5.*

The tax liens arising from the assessments described above continue to attach to the real property at issue. *Id. at 12.* The liens have priority over all interests in the real property at issue acquired after the attachment of the tax liens, subject to the provisions of 26 U.S.C. § 6323(a). *Id.* Also, under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the real property at issue to enforce its tax liens. *Id.*

On March 7, 2014, the United States filed this civil action to reduce to judgment the federal tax assessments against the Thills and to foreclose the federal tax liens against the real property at issue that the Thills own. *Id. at 2.*

**B.    Legal Standard for Motion to Dismiss**

"Dismissal under Rule 12(b)(6) is proper only when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).  Although the Court accepts all fact allegations as true, the Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

The Court's standard of review under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P 8(a)).  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Id.* A plausibility determination is context specific, and courts must draw on judicial experience and common sense in evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). In *Levitt*, the Ninth Circuit summarized the test:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.* (citations omitted).

## C.    <u>Analysis</u>

In moving to dismiss, the Thills advance multiple arguments, some of which are redundant and many of which are repetitive of other arguments related to the pending summary judgment motions. They argue that: (1) the United States did not need to bring this action but instead could have accepted their offer of compromise, *id. at 2*; (2) they possess "lawful proof" of "possible misconduct or worse by the IRS and Sandra Welch[,]"[7] *id.*; (3) they tried to resolve the action but were

---

[7]Sandra Welch is a commissioned Revenue Officer with the IRS who, at some point, was assigned to the Thills' case. *See ECF 21-6.*

unsuccessful, *id. at 4*; (4) they were verbally abused by Sandra Welch, *id.*; (5) they "are in the midst of a nightmare violation of [their] Constitutional rights[,]" id. at 5; (6) the IRS has not supplied them with a copy of what their actual alleged debt is, but they "have received a multitude of confusing paperwork but never one that [they] can look at and easily see what [their] alleged debt actual amount is[,]" id. at 6; (7) they "have a Homestead Act filed on [their] home and have for many years[ ]" that protects them from this action, id. at 6-7; (8) although they have asked repeatedly over the past 17 years for explanations of the IRS' demands, they have never been "given actual answers to [their] questions," *id. at 7, 10*; (9) in 2003, Gayle Thill's paycheck was garnished in an amount far in excess of what the law allows and "no one has been able to show [them the] Treasury Directive" authorizing the garnishment, *id. at 7*; (10) the laws are "so convoluted that the average American cannot follow them[,]" *id. at 8*; (11) they have broken no laws that would cause them to lose any of their rights as Americans, *id. at 10*; (12) Sandra Welch "is not a government employee because if she was she would have an Oath of Office[,]" *id. at 11*; and (13) they are in a precarious financial situation and may be rendered homeless if the

United States prevails in this action, *id*.

The Thills attached to their motion six unauthenticated exhibits. *See ECF 20-1 – 20-7*. Because the exhibits are not properly authenticated, the Court has not considered them in addressing the pending motions. *See* Fed. R. Evid. 901(a) (setting forth authentication requirement); *U–Haul Int'l, Inc.*, 576 F.3d 1040, 1043 (9th Cir. 2009) (district courts have discretion to render evidentiary rulings). For this reason, the Court concludes that it need not convert the Thills' Rule 12(b)(6) motion to one for summary judgment under Rule 56. *See* Rule 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

Turning to the Thills' motion, the Court concludes that it is without merit. As is evident from the foregoing recitation of the Thills' arguments, they do not properly challenge the sufficiency of the United States' Complaint because they fail to cite to any controlling or persuasive legal or factual basis for the relief they seek.

Specifically, to the extent that their above-listed arguments, or any of their other arguments in the record of this case, suggest that the

federal income tax is legally invalid or that the IRS is not a government agency, the Thills are wrong.  The Ninth Circuit Court of Appeals, in *In re Becraft*, 885 F.3d 547, 548-49 (9th Cir. 1989), addressed a litigant's argument that "[t]he Sixteenth Amendment does not authorize a direct non-apportioned income tax on resident United States citizens and thus such citizens are not subject to the federal income tax laws."  Noting that it "hardly need comment on the patent absurdity and frivolity of such a proposition[,]" the Ninth Circuit noted:

> For over 75 years, the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus <u>the validity of the federal income tax laws as applied to such citizens</u>. *See, e.g., Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 12–19, 36 S.Ct. 236, 239–42, 60 L.Ed. 493 (1916); *Ward*, 833 F.2d at 1539; *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984); *Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981).

*In re Becraft*, 885 F.2d at 548-49 (emphasis added); *see also Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir. 1989) (federal income tax system is not a voluntary system).

Also, to the extent that the Thills maintain that the Court has the authority to order the United States to accept the Thills' settlement

offer, they again are wrong.  They fail to cite to any legal authority for this proposition, and the Court is not aware of any.

And, to the extent that the Thills claim reliance on Montana's Homestead Act to somehow preclude foreclosure of federal tax liens against their real property, the Court is not persuaded.

Commencing a civil action under 26 U.S.C. § 7403 "is one method in a formidable arsenal of collection tools available to the government to collect taxes."  *United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir. 1987).  Section 7403 allows the government to enforce a federal tax lien through a forced sale of property in which the tax debtor has any interest.

Where, as in this case, all persons "having liens upon or claiming any interest in the property involved" have been named as defendants, the Court may "proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property...."  26 U.S.C. § 7403(b) and (c).  In addition, "in all cases where a claim or interest of the United States therein is established," the Court "may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to

the findings of the court in respect to the interests of the parties and of the United States." 26 U.S.C. § 7403(c).

Under these federal statutes, the federal government's tax liens reach all property interests of the delinquent taxpayer and "the Supremacy Clause[8] . . . provides the underpinning for the Federal Government's right to sweep aside state-created exemptions . . . [,]" such as homestead exemptions, to these tax collection tools. *United States v. Rodgers*, 461 U.S. 677, 701 (1983). As such, the Thills' reliance in this case on Montana's Homestead Act is misplaced.

Finally, respecting the Thills' remaining arguments, the Court concludes that they fail to support the Thills' Rule 12(b)(6) motion. Nothing in their arguments demonstrates that the United States' Complaint lacks cognizable legal theories or fails to allege sufficient facts to support cognizable legal theories. *Zixiang*, 710 F.3d at 999.

---

[8]The Supremacy Clause, U.S. Const. Art. VI, cl. 2, provides:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

For all of the foregoing reasons, and because the Thills have failed to raise a substantive challenge to either the factual or legal sufficiency of the United States' Complaint, their motion to dismiss should be denied.

## II.   The Parties' Summary Judgment Motions

The parties have filed cross motions for summary judgment.  *See United States' Summary Judgment Mtn. (ECF 21)*[9] *and the Thills' Summary Judgment Mtn. (ECF 32)*.[10]  Because the motions are

---

[9]Respecting the United States' motion, the parties filed the following: *Mem. in Support of United States' Mtn. for Summary Judgment (ECF 21-2)*; *Thills' Opposition to United States' Summary Judgment Mtn. and Additional Support for Thills' Mtn. to Dismiss (ECF 30)*; *Thills' Opposition to United States' Stmt. of Undisputed Facts and Declarations of Aaron Bailey and Sandra Welch (ECF 31); United States' Response [Reply] to Thills' Opposition to Mtn. for Summary Judgment (ECF 33)*; and *Thills' Response [Sur-reply] to United States' Resp. [Reply] to Mtn. for Summary Judgment (ECF 34)*.

The Court notes that the Thills' response to the United States' reply brief is improper.  See Local Rule 7.1(d)(1)(D) (after the moving party files its reply brief, "[n]o further briefing is permitted without prior leave.").  Also, the Thills attached  exhibits to their response brief (ECF 30) and to their opposition to the United States' Statement of Undisputed Facts (ECF 31).  The exhibits are not properly authenticated.  See Fed. R. Evid. 901(a).  Nevertheless, the Court has reviewed them and concludes that their content does not alter the Court's conclusions herein.

[10]Respecting the Thills' summary judgment motion, the parties filed the following: Thills' Mtn. for Summary Judgment (ECF 32); Declaration of Keith & Gayle Thill (ECF 32-18); United States'

interrelated and overlap, the Court addresses them together.

## A.    Factual Background[11]

Keith Thill and Gayle Thill are residents of Billings, Montana. They own real property at 2318 Lyndale Lane, which is the subject of this action.  *United States' Stmt. of Undisputed Facts (ECF 21-1) at ¶ 1.*

Keith Thill held various jobs over the past 18 years, mostly working as a painter.  *Id. at ¶ 2.*  Gayle Thill worked in the retail grocery business for a number of years and also performed odd jobs.  *Id. at ¶ 3.*

In 2001, the IRS began an examination to determine the Thills' income tax liabilities because the Thills failed to file tax returns for the tax periods 1997 through 2002, a pattern that continued through 2009. *Id. at ¶¶ 4, 5.*  The examination culminated with federal income tax assessments, made by an authorized delegate of the Secretary of the Treasury,  for the years 1997 through 2009.  *Id. at ¶¶ 4, 11, 14, 17.*

---

Response (ECF 35); and Declaration of Aaron Bailey (ECF 36).  Again, the Thills attached unauthenticated exhibits to their motion and opening brief (ECF 32).  And their declaration (ECF 32-18) is unsworn. Nevertheless, the Court has reviewed all documents and concludes that their content does not alter the Court's conclusions herein.

[11]Unless otherwise noted, the background facts are undisputed by relevant or admissible evidence.

The IRS computed the Thills' federal income tax liability because the Thills failed to report income and failed to cooperate in the examination process. *Id. at ¶ 6.* The IRS used a variety of methods, including bank deposit analysis and Information Reporting Program Transcripts ("IRP Transcripts"). These are retrievable computer records maintained by the IRS that reflect data reported by third parties on various IRS forms, including Forms W-2 (employee wages), 1099 (non-employee compensation), and 1098 (home mortgage interest). IRP Transcripts are obtained for individuals by running searches under the individual's Social Security number in the computer file system maintained by the IRS. *Id. at ¶ 6.*

The IRS also issued statutory notices of deficiency to the Thills about their liabilities. The notices included information regarding the basis for the findings of deficiency. *Id. at ¶ 7.* In response to the notices and other correspondence from the IRS, the Thills sent various letters and other documents to the IRS. Among other things, these documents stated that the IRS is not a valid federal entity and otherwise purported to show that the Thills were exempt from federal taxation. *Id. at ¶ 8.*

In 2013, the Thills provided the IRS with Forms 1040 for the periods 2003 through 2009. The liabilities for these periods were adjusted to reflect the information contained in the Forms 1040 to the extent they were consistent with the third-party-sourced information already collected. *Id. at ¶ 9.* Although there was no substantial deviation between the initial assessments and the information provided by the Thills, the adjustments resulted in a lowering of the total liabilities. *Id. at ¶ 10.*

Despite notice and demand for payment of the assessments, the Thills have neglected, refused, or failed to pay the income tax assessments against them. The following sums remain due and owing to the United States on those assessments:

1.    Keith and Gayle Thill, jointly, for 2003 through 2009:

     $96,017.91 plus accrued interest, penalties, and statutory additions as provided by law, from January 30, 2015. *Id. at ¶¶ 11, 12, 13.*

2.    Keith Thill, individually, for 1997 through 2002:

     $95,472.42[12] plus accrued interest, penalties, and

─────────────

[12]This amount is different from the amount listed in the United States' Complaint. See ECF 1 at ¶ 24 (listing liability amount for Keith Thill as $92,979.71). Although the discrepancy is likely caused by accruing interest on the total amount, it is not explained in the United

statutory additions as provided by law, from January 30, 2015. *Id. at ¶¶ 14, 15, 16*.

3. Gayle Thill, individually, for 1999 through 2002:

$19,691.75 plus accrued interest, penalties, and statutory additions as provided by law, from January 31, 2014. *Id. at ¶¶ 17, 18, 19*.

The Thills do not dispute that they were paid wages and earned income during the periods described above. *Id. at ¶ 20*. But they do dispute the IRS' authority to assess and collect taxes on their earnings. *Id*.

The real property at issue in this action is commonly referred to as 2318 Lyndale Lane, Billings, Montana 59102. *Id. at ¶ 21*. On August 4, 1986, the Thills acquired title to it via warranty deed recorded with the Yellowstone County Clerk and Recorder's Office. *Id. at ¶ 22*. Between April 21, 2003, and December 12, 2013, the United States recorded a number of Notices of Federal Tax Lien in the Yellowstone County Clerk and Recorder's Office for the Thills' liabilities set forth above. *Id. at ¶ 23*.

On March 7, 2014, the United States filed this action. *ECF 1*. On January 23, 2015, the United States filed its summary judgment

_____

States' materials.

motion.  *ECF 21*.  On March 3, 2015, the Thills filed their summary

judgment motion.  *ECF 32*.

## B.      Summary Judgment Standard

"The court shall grant summary judgment if the movant shows

that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A

party seeking summary judgment always bears the initial

responsibility of informing the court of the basis for its motion, and

identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if

any, which it believes demonstrate the absence of a genuine issue of

material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Material facts are those which may affect the outcome of the case.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute as

to a material fact is genuine if there is sufficient evidence for a

reasonable fact-finder to return a verdict for the nonmoving party.  *Id*.

Entry of summary judgment is appropriate "against a party who

fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.  If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue of fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### C.   <u>Analysis</u>

"In an action to collect tax, the government bears the burden of proof.  The government can usually carry its initial burden, however, merely by introducing its assessment of tax due." *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983).  "Normally, a presumption of correctness attaches to the assessment, and its introduction establishes a prima facie case." *Id.* (*citing Welch v. Helvering*, 290 U.S. 111, 115 (1933); *United States v. Molitor*, 337 F.2d 917, 922 (9th Cir. 1964)).  However, "[t]he presumption does not arise unless it is supported by a minimal evidentiary foundation." *Id.* (*citing Weimerskirch v. Commissioner*, 596 F.2d 358, 360 (9th Cir. 1979)).  Thus, "before the [IRS] Commissioner can rely on this presumption of correctness, the Commissioner must offer some substantive evidence showing that the taxpayer received income from the charged activity."

*Weimerskirch*, 596 F.2d at 360 (citations omitted).

Certain official forms, such as Certificates of Assessments and Payments (Form 4340), "can constitute proof of the fact that . . . assessments were actually made." *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992) (citations omitted). In the Ninth Circuit, it is settled "that Certificates of Assessments and Payments are 'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made.'" *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (*quoting Hughes*, 953 F.2d at 540).

In the case at hand, the United States has produced the Certificates of Assessments and Payments as proof of the Thills' tax liabilities for 1997 through 2009. *Decl. of Revenue Officer Sandra Welch (ECF 21-6) (exhibits 4-6 (ECF 21-10 through 21-12))* (attesting that exhibits 4-6 are "[t]rue and correct copies of Certificates of Assessments, Payments and other Specified Matters (Form 4340) for [the Thills'] liabilities, which reflect the assessments and abatements for all periods, including the joint liabilities and individual liabilities for Keith Thill and Gayle Thill[.]"). Each certificate reflects the accrued

taxes in a given year and are "proof . . . that . . . [the] assessments were actually made." *Hughes*, 953 F.2d at 535. As noted, they constitute "'probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that . . . assessments were properly made.'" *Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir. 1993) (*quoting Hughes*, 953 F.2d at 540).

Also, the United States has provided the "minimal evidentiary foundation" necessary to establish that its assessments are entitled to a "presumption of correctness." *Stonehill*, 702 F.2d at 1293. It has produced: (1) the Thills' tax returns (Forms 1040), *ECF 21-9 at 2-45*; (2) examples of third-party reports used to determine the Thills' tax liabilities from the IRP Transcripts, *ECF 21-7 at 1-50*; and (3) the Thills' deposition testimony, *ECF 21-4* (Gayle Thill's deposition) *at 2-23* and *ECF 21-5* (Keith Thill's deposition) *at 2-23*.

In their deposition testimony, the Thills admit that they were employed during the relevant periods. *ECF 21-4 at 5 (depo. p. 5, ll. 5-15; p. 10, ll. 24-25; p. 11, ll. 1-3); ECF 21-5 at 5 (depo. p. 11, ll. 3-21).* They also admit that they stopped filing federal income tax returns in 1997. *ECF 21-5 at 8 (depo. p. 21, ll. 8-25; p. 23, ll. 1-19).* The Thills

continued their refusal to file federal income tax returns until 2013, when they submitted returns for 2003 through 2009.  *Welch Decl. (ECF 21-6) at ¶ 9.*  But they continued to refuse to pay over the tax, penalties, and interest due.

Based on the foregoing, the Court concludes that the United States has satisfied, with sufficient evidence, its burden regarding the Thills' tax liability.  *See Koff*, 3 F.3d at 1298.  The burden now shifts to the Thills to set forth "specific facts showing that there is a genuine issue" of fact respecting their tax liability.  *Liberty Lobby*, 477 U.S. at 250.

Taxpayers may rebut the presumption of correctness by demonstrating that the assessments are "arbitrary and capricious." *Stonehill*, 702 F.2d at 1294 (*citing Helvering v. Taylor*, 293 U.S. 507, 515 (1935)).  If the assessment is based upon multiple items, then the presumption of correctness attaches to every item.  *Id*.  Proof of error as to one item destroys its individual presumption, but the presumption of correctness that attached to the other items remains.  *Id*.

Here, the Thills have not rebutted the presumption of correctness. They have neither argued nor shown with competent, relevant evidence

that they did not earn the income reflected in the Certificates of Assessment or that the amounts, as represented by the United States, are incorrect.  Simply put, they have failed to rebut any of the United States' evidence with any evidence of their own.  Rather, they advance various arguments, both in their responses to the United States' summary judgment motion, and in support of their own motions to dismiss and for summary judgment, asserting that they are not subject to the federal income tax laws.  The Court already has rejected several of these arguments in the above discussion addressing the Thills' motion to dismiss.  And, in reviewing their remaining arguments, the Court concludes that they lack merit.

Federal courts have uniformly and consistently rejected the arguments and types of arguments that the Thills advance here. *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990); *see also United States v. Sullivan*, 274 U.S. 259, 263-64 (1927); *United States v. Studley*, 783 F.2d 934, 937 (9th Cir. 1986); *United States v. Buras*, 633 F.2d 1356, 1361 (9th Cir. 1980); *United States v. Neff*, 615 F.2d 1235, 1238-40 (9th Cir. 1980).  As the court in *Lonsdale* stated:

> the following arguments are completely lacking in legal merit and patently frivolous: (1) individuals ("free born,

white, preamble, sovereign, natural, individual common law 'de jure' citizens of a state, etc.") are not "persons" subject to taxation under the Internal Revenue Code; (2) the authority of the United States is confined to the District of Columbia; (3) the income tax is a direct tax which is invalid absent apportionment; (4) the Sixteenth Amendment to the Constitution is either invalid or applies only to corporations; (5) wages are not income; (6) the income tax is voluntary; (7) no statutory authority exists for imposing an income tax on individuals; (8) the term "income" as used in the tax statutes is unconstitutionally vague and indefinite; (9) individuals are not required to file tax returns fully reporting their income; and (10) the Anti–Injunction Act is invalid.

      To this short list of rejected tax protester arguments we now add as equally meritless the additional arguments made herein that (1) the Commissioner of Internal Revenue and employees of the Internal Revenue Service have no power or authority to administer the Internal Revenue laws, including power to issue summons, liens and levies, because of invalid or nonexistent delegations of authority, lack of publication of delegations of authority in the Federal Register, violations of the Paperwork Reduction Act, and violations of the Administrative Procedure Act, including the Freedom of Information Act; and (2) tax forms, including 1040, 1040A, 1040EZ and other reporting forms, are invalid because they have not been published in the Federal Register.

*Lonsdale*, 919 F.2d at 1448.

Although the Thills have not asserted all of these arguments, they have asserted some of them and versions of some of them. None of the Thills' arguments supporting their position that they are not subject to federal income tax have merit. Also, the Thills have failed to present

evidence creating a genuine issue of material fact that would preclude summary judgment in favor of the United States. And they have failed to demonstrate that they are entitled to summary judgment in their favor. Thus, the United States is entitled to summary judgment on its claim that the Thills are indebted to the United States for income tax liabilities for the years 1997 through 2009.

The Court next turns to the issue of whether the United States should be permitted to collect the Thills' tax liabilities by foreclosing its federal tax liens on the real property at issue. The United States is specifically empowered to enforce liens against real property in satisfaction of unpaid tax liabilities. 26 U.S.C. § 6321. Such liens arise at the time the assessment is made and continue to exist until the tax liability is extinguished. 26 U.S.C. § 6322.

Here, as noted, federal tax assessments have been made against the Thills for the years 1997 through 2009. Statutory tax liens arose as of the dates of the assessments and attached to all of the Thills' property and their rights to property, including the real property at issue. Because the Thills continue to have outstanding tax liabilities, the liens remain in full force and effect at the present time. Also, the United States issued Notices of Federal Tax Lien for each liability at

issue. *ECF 21-6 at ¶ 25* (*citing* exhibit 10 thereto). The liens, therefore, may be properly foreclosed upon by the United States. 26 U.S.C. § 7403(a). Thus, the United States is entitled to summary judgment allowing it to enforce tax liens on the property of Keith and Gayle Thill.

## III. Conclusion

Based on the foregoing, **IT IS RECOMMENDED** that:

1. The Thills' "Motion for Court Intervention and or Dismissal Directed to the United States' [sic] of America[,]" *ECF 20*, be DENIED;

2. The United States' summary judgment motion, *ECF 21*, be GRANTED; and

3. The Thills' summary judgment motion, *ECF 32*, be DENIED.

**IT IS FURTHER RECOMMENDED** that the Court direct the United States to submit a proposed Order of Judicial Sale consistent with the foregoing.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and

recommendations must be filed with the Clerk of Court and copies

served on opposing counsel within fourteen (14) days after entry hereof,

or objection is waived.

DATED this 8th day of April, 2015.

**/s/ Carolyn S. Ostby**
United States Magistrate Judge